# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE L. YOUNGBLOOD,<br><br>    Plaintiff,<br><br>v.<br><br>D. OVERLEY,<br><br>    Defendant.<br>_____/ | Case No. 1:17-cv-01598-DAD-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENIAL OF PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS<br><br>(ECF No. 2)<br><br>**FOURTEEN-DAY DEADLINE** |

## I.  Introduction

Plaintiff Jesse L. Youngblood, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 1, 2017. The same day, Plaintiff filed a motion to proceed in forma pauperis. (ECF No. 2.)

Plaintiff is subject to 28 U.S.C. § 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1] The determination of whether Plaintiff is under imminent danger of serious

---

[1] Plaintiff has at least three dismissals which qualify as final strikes under section 1915(g). Silva v. Di Vittorio, 658 F.3d 1090, 1098-99 (9th Cir. 2011). The Court takes judicial notice of the following United States District Court cases: Youngblood v. State of California, et al., 2:05-cv-0727-LKK-DAD (E.D. Cal.) (dismissed for failure to state a claim on September 11, 2006); Youngblood v. State of California, et al., 4:11-cv-4064-PJH (N.D. Cal.) (dismissed for failure to state a claim on March 16, 2012); Youngblood v.

physical injury is made based on the conditions at the time the complaint is filed, and the allegation of imminent danger must be plausible. Andrews v. Cervantes, 493 F.3d 1047, 1053-55 (9th Cir. 2007).

**II.   Discussion**

Plaintiff brings suit against the warden of Corcoran State Prison ("CSP"), where he is being held, the associate warden, John Does 1-100, and Jane Does 1-100. Plaintiff alleges that on or about October 2017, he was transferred over to CSP as Level 3 custody, and was on lockdown status. Plaintiff was subjected to a strip search, and after he was strip-searched, he was taken out to the yard while Doe defendants searched his cell. All of his belongings were thrown everywhere, and they did not leave a cell-search receipt. Prior to the search, Plaintiff had prepared boxes or bags of property for storage, including legal property, and was doing so in compliance with regulations. Plaintiff asserts that he has been adversely affected from this incident.

Here, the Court does not find that Plaintiff has alleged facts showing that he is in imminent danger of serious physical injury at the time that his complaint was filed. Plaintiff's allegations concern losses or damages to his property, rather than any threat or danger to his person. Therefore, the Court finds that Plaintiff has not met the imminent danger exception, and is precluded by 28 U.S.C. § 1915(g) from proceeding in forma pauperis in this action.

**III.   Recommendation**

1.   Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be DENIED, pursuant to 28 U.S.C. § 1915(g); and

2.   Plaintiff be ORDERED to pay the $400 initial filing fee in full to proceed with this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within

---

Lamarque, et al., 4:12-cv-4423-PJH (N.D. Cal.) (dismissed for failure to state a claim and for frivolousness on February 4, 2013); Youngblood v. Feather Falls Casino, 4:13-cv-128-PJH (N.D. Cal.) (dismissed for failure to state a claim and for frivolousness on February 28, 2013); Youngblood v. Evans, et al., 4:13-cv-2097-PJH (N.D. Cal.) (dismissed for failure to state a claim and for frivolousness on May 14, 2013); Youngblood v. Warden, et al., 4:13-cv-4366-PJH (N.D. Cal.) (dismissed for failure to state a claim on November 12, 2013); and Youngblood v. Clark, et al., 1:15-cv-01746-DAD-BAM (E.D. Cal.) (dismissed for failure to state a claim on August 15, 2017).

**fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **December 5, 2017**          /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE