UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE L. YOUNGBLOOD,<br><br>    Plaintiff,<br><br>v.<br><br>D. OVERLEY,<br><br>    Defendant. | No. 1:17-cv-01598-LJO-BAM (PC)<br><br>ORDER REGARDING PLAINTIFF'S EX PARTE PETITION PURSUANT TO FEDERAL LOCAL RULES AND FED. R. CIV. P. 60<br><br>(ECF No. 12) |

Plaintiff Jesse L. Youngblood is a state prisoner proceeding *pro se* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

On March 2, 2018, the Court denied Plaintiff's application to proceed *in forma pauperis* and directed Plaintiff to pay the $400.00 filing fee within twenty-one (21) days of service of that order. On March 12, 2018, Plaintiff filed the instant motion in response to the order, stating that he is eligible to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915(g) and submitted the appropriate forms to do so. The Court construes Plaintiff's motion as a motion for reconsideration.

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief.  Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . . " exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted).  In seeking

1

reconsideration of an order, Local Rule 230(j) requires a party to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted), and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . ." of that which was already considered by the Court in rendering its decision, *U.S. v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (internal quotation marks and citation omitted).

Here, Plaintiff provides no grounds for reconsideration. He merely argues that the Court's order is illegal. The Court finds no error in its previous determination, and denies Plaintiff's request for reconsideration.

Accordingly, Plaintiff's motion for reconsideration, filed on March 12, 2018 (ECF No. 12) is HEREBY DENIED.

IT IS SO ORDERED.

Dated: **March 16, 2018**             /s/ Lawrence J. O'Neill
                                       UNITED STATES CHIEF DISTRICT JUDGE