# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE L. YOUNGBLOOD, | Case No. 1:17-cv-01598-LJO-BAM (PC) |
| Plaintiff, | **APPEAL NO. 18-15705** |
| v. | NOTICE AND ORDER FINDING THAT PLAINTIFF IS NOT ENTITLED TO PROCEED IN FORMA PAUPERIS ON THE APPEAL FILED APRIL 20, 2018 |
| D. OVERLEY, | |
| Defendant. | (Doc. 19) |
| | ORDER DIRECTING CLERK'S OFFICE TO SERVE COPY OF ORDER ON NINTH CIRCUIT |

Plaintiff Jesse L. Youngblood, a state prisoner proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. On April 3, 2018, the Court dismissed the action and judgment was entered that same day. (Docs. 14, 15.)

Plaintiff filed a notice of appeal on April 18, 2018, (Doc. 16) and on April 20, 2018, the United States Court of Appeals for the Ninth Circuit processed Plaintiff's appeal. Plaintiff did not proceed *in forma pauperis* in this action, and therefore filed a motion to proceed *in forma pauperis* on appeal, which is currently before the Court. (Doc. 19.)

Under the Federal Rules of Appellate Procedure, "a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court." Fed. R. App. P. 24(a)(1). "If the district court grants the motion, the party may proceed on appeal without prepaying or giving security for fees and costs, unless a statute provides otherwise. If the district court denies the motion, it must state its reasons in writing." Fed. R. App. P. (a)(2).

In this case, the Court determined that Plaintiff is subject to 28 U.S.C. § 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." [1]

The determination of whether Plaintiff is under imminent danger of serious physical injury is made based on the conditions at the time the complaint is filed, and the allegation of imminent danger must be plausible. *Andrews v. Cervantes*, 493 F.3d 1047, 1053-55 (9th Cir. 2007). Upon considering Plaintiff's allegations that he sustained losses or damages to his property, the Court found that Plaintiff did not meet the imminent danger exception, and he is precluded by 28 U.S.C. § 1915(g) from proceeding *in forma pauperis* in this action.

Accordingly, it is HEREBY ORDERED that:

1. Pursuant to 28 U.S.C. § 1915(g), Plaintiff's motion to proceed in forma pauperis on appeal (Doc. 19) is denied; and

///

---

[1] Plaintiff has at least three dismissals which qualify as final strikes under section 1915(g). Silva v. Di Vittorio, 658 F.3d 1090, 1098-99 (9th Cir. 2011). The Court takes judicial notice of the following United States District Court cases: Youngblood v. State of California, et al., 2:05-cv-0727-LKK-DAD (E.D. Cal.) (dismissed for failure to state a claim on September 11, 2006); Youngblood v. State of California, et al., 4:11-cv-4064-PJH (N.D. Cal.) (dismissed for failure to state a claim on March 16, 2012); Youngblood v. Lamarque, et al., 4:12-cv-4423-PJH (N.D. Cal.) (dismissed for failure to state a claim and for frivolousness on February 4, 2013); Youngblood v. Feather Falls Casino, 4:13-cv-128-PJH (N.D. Cal.) (dismissed for failure to state a claim and for frivolousness on February 28, 2013); Youngblood v. Evans, et al., 4:13-cv-2097-PJH (N.D. Cal.) (dismissed for failure to state a claim and for frivolousness on May 14, 2013); Youngblood v. Warden, et al., 4:13-cv-4366-PJH (N.D. Cal.) (dismissed for failure to state a claim on November 12, 2013); and Youngblood v. Clark, et al., 1:15-cv-01746-DAD-BAM (E.D. Cal.) (dismissed for failure to state a claim on August 15, 2017).

2. Pursuant to Fed. R. App. P. 24(a)(4)(A), the Clerk of the Court shall serve this order on Plaintiff and the Court of Appeals for the Ninth Circuit.

IT IS SO ORDERED.

Dated: **May 9, 2018**          **/s/ Lawrence J. O'Neill**
                             UNITED STATES CHIEF DISTRICT JUDGE